# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**KAREN E. STANT,** Plaintiff

v. Civil Action No. 1:26-CV-00022-HSO-BWR

**TURTLE CREEK HOMEOWNERS' ASSOCIATION, INC.;**
**JOHN WALCZYKOWSKI,** sued solely in his official capacity as President;
**JONATHAN CURTIS,** also known as Jon Curtis, individually;
**LINDA SUSIE CURTIS,** also known as Susie Curtis, individually;
**JODI BUSCH;**
**BUSCH REALTY GROUP, LLC,** d/b/a Busch Realty Group,
including its Property Management Division,
Derrick Thayn
Fredericka Richardson
Rebecca M. Kinny
Michael Ferguson
Cynthia Brumley
Russell Manning
Sherry Lowe
Matthew Ernst
David Krause
Community Management D/B/A CMGT
Summer Mere
Jeff Harman – CMGT Owner
Kim Barger
Defendants.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 25 2026
ARTHUR JOHNSTON
BY ______ DEPUTY

# AMENDED COMPLAINT FOR RETALIATION, INTERFERENCE, AND COERCION JURY TRIAL REQUESTED

*(42 U.S.C. §§ 3604, 3613, 3617)*

# I. INTRODUCTION

**1.** This action arises from a sustained campaign of retaliation, intimidation, and coercion directed at Plaintiff after she engaged in protected activity related to housing safety, enforcement of covenants, and reporting of hazardous and criminal conditions. Rather than addressing known hazards, violent conduct, and covenant violations, Defendants escalated enforcement against Plaintiff, employed private and Association-aligned legal threats, caused law-enforcement intervention, and publicly disclosed Plaintiff's confidential medical information, all in violation of the Fair Housing Act ("FHA"), including 42 U.S.C. § 3617.

# II. PARTIES

**2.** Plaintiff Karen E. Stant ("Plaintiff") is the duly appointed Executrix of the Estate of Genevieve R. Davilman and lawful successor in interest to the residential property located at 13127 Turtle Creek Parkway, Gulfport, Mississippi.

**3.** Defendant Turtle Creek Homeowners' Association, Inc. ("HOA") is a Mississippi nonprofit corporation responsible for governance and enforcement of recorded covenants within the Turtle Creek subdivision.

**4.** Defendant John Walczykowski is the President of the HOA and is sued solely in his official capacity for acts and omissions undertaken under color of Association authority. No individual-capacity claim is asserted against Walczykowski. Also signed a letter to my attorney that made an accusation that my mother and/or myself attempted to steal $10,000 from the HOA bank account. This was a false statement meant to harm both my mother and myself during a documents request from the HOA.

**5.** Defendant Jonathan Curtis, also known as Jon Curtis, is an individual who, while not a member of the HOA Board at relevant times, exercised de facto control over Association actions, including proxy manipulation and private funding of legal threats.

**6.** Defendant Linda Susie Curtis, also known as Susie Curtis, is an individual affiliated with HOA governance and enforcement actions relevant to this matter. Also signed a letter to my attorney that made an accusation that my mother and/or myself attempted to steal $10,000 from the HOA bank account. This was a false statement meant to harm both my mother and myself during a documents request from the HOA.

**7.** Defendant Jodi Busch is a licensed Mississippi real estate broker and owner/principal of Busch Realty Group, LLC.

**8.** Defendant Busch Realty Group, LLC ("Busch Realty" or "PMG"), including its Property Management Division, managed the neighboring rental property located at 13133 Turtle Creek Parkway during the relevant period.

9. Defendants Derrick Thayn, owners of the rental unit, located at 13133 Turtle Creek Parkway, Gulfport Mississippi. They have kept the property with Busch Property Management in a

negligent management state, including not paying dues and having a lien placed and giving their proxy vote while ineligible to vote to Jonathan Curtis.

10. Defendant Fredericka Robinson signed a letter to my attorney that made an accusation that my mother and/or myself attempted to steal $10,000 from the HOA bank account. This was a false statement meant to harm both my mother and myself during a documents request from the HOA.

11. Defendant Rebecca M. Kinney signed a letter to my attorney that made an accusation that my mother and/or myself attempted to steal $10,000 from the HOA bank account. This was a false statement meant to harm both my mother and myself during a documents request from the HOA.

12. Defendant Michael Ferguson signed a letter to my attorney that made an accusation that my mother and/or myself attempted to steal $10,000 from the HOA bank account. This was a false statement meant to harm both my mother and myself during a documents request from the HOA.

13. Defendant Cynthia Brumley made the statement to me that the HOA knew the attempted theft allegation was false and did nothing to correct the matter while she was on the board. Cynthia Brumley also stated that the information relayed to the board came from Linda Susie Curtis, and confirmed by John Walczykowski that this was said.

14, Defendant Russell Manning, attorney of record for the HOA(during a records request in the Chancery Court, Gulfport, Harrison County, Mississippi). Wrote a Cease and Desist on behalf of his clients Jon and Susie Curtis, as he was representing them now, telling me in the letter actions have consequences. This is a direct violation of the Mississippi Bar Association, conflict of interest at the very least.

15. Defendant Sherry Lowe attorney for Jon and Susie Curtis, made threats of arrest and claimed in writing to be the HOA attorney of record.

16. Defendant Matthew Ernst made a false statement about how many dogs were in living at my home. He was told there are only 2 dogs that live there and my daughter was rehabbing at my home as it was handicap accessible that she needed for a knee replacement surgery she was recovering from.

17. Defendant David Krause sent a Cease and Desist threatening me with legal action for wanting repairs done and having Busch enforce her lease of no illegal activity clause.

18. Defendant Community Management also known as CMGT, The management company is legally responsible to verify eligibility to vote, they failed to verify votes or would have know that at least 3 owners were ineligible to vote, including one that Busch Property Management property that had a lien placed on it.

19. Defendant Summer Mere with CMGT, wrote in an email that I was not allowed to access documents, for my mother as her Power of Attorney that the company had a copy of. She violated the rights of a disabled Marine Corp Veteran.

20. Defendant Jeff Harman emailed to his team this At this point we tell the board we are cutting off all communications with her and will be forwarding directly to them. The F&A agreement simply doesn't pay enough for this. If they want us to continue management then they have to agree to this and that any calls Kim gets from homeowners will be directed to the board as well. At this point, if this doesn't calm down in the next 30 days, we are pulling out regardless, and you can let the board and Kim know that.

21. Defendant Kimberly Barger CMGT Community manager, told me on the phone that Jon Curtis had threatened to sue CMGT if they did remove me from the HOA board.

III. JURISDICTION AND VENUE

**9.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a).

**10.** Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Harrison County, Mississippi.

# IV. FACTUAL ALLEGATIONS

*Date Clarification.* Certain dates are stated as approximate because Plaintiff was experiencing extreme caregiving-related stress during the relevant period. Documentary records, official minutes, correspondence, and law-enforcement records will confirm precise timing.

**A. Protected Activity and Known Hazards**

**11.** Plaintiff engaged in protected activity by requesting HOA records, reporting safety hazards and drainage failures, demanding repairs, reporting tenant misconduct and violent incidents, warning others of concealed hazards, and seeking uniform enforcement of recorded covenants.

**12.** The neighboring rental property experienced long-standing drainage failure and water erosion creating deep ruts flush with the surface and not readily visible until approached. A builder's supervisor performed a temporary courtesy repair and advised that permanent remediation was required. Defendant Jodi Busch was advised of these requirements. Permanent remediation was not performed.

**B. Retaliatory Law-Enforcement Escalation**

**13.** Following Plaintiff's warning to an unescorted individual at the neighboring rental property regarding concealed erosion hazards and unsafe conditions, Defendant Jodi Busch and/or Busch

Realty Group, LLC, acting directly or through an employee or agent, caused a police report to be filed alleging trespass.

**14.** At no time prior to the filing of the police report had Plaintiff been issued a trespass warning, trespass notice, or exclusion directive.

**15.** Several months later, in May/June 2024, Plaintiff was arrested based solely on the previously filed report, without law enforcement first contacting Plaintiff and without any intervening investigation or new alleged conduct.

**16.** Plaintiff does not allege that Defendants Jonathan Curtis or Linda Susie Curtis initiated, directed, or participated in the filing of the police report or Plaintiff's arrest.

**C. Private Legal Threats and Misuse of Counsel**

**17.** Following Plaintiff's continued demands for remediation and enforcement, Defendants caused multiple cease-and-desist communications through three separate attorneys.

**18.** Two communications explicitly threatened Plaintiff's speech regarding housing conditions.

**19.** Prior to issuance of one such communication, Defendant Jonathan Curtis advised Plaintiff in writing that he personally funded the attorney issuing the threat.

**20.** That attorney represented she acted on behalf of the HOA despite no executed retainer or authorization.

**21.** In an April 19, 2023 cease-and-desist letter, attorney Sherry L. Lowe invoked criminal statutes and threatened prosecution without investigation.

**22.** These communications constituted intimidation intended to chill Plaintiff's FHA-protected activity.

**23.** One attorney involved was later formally admonished by the Mississippi Bar.

**24.** Plaintiff transmitted written demands to Defendant Jodi Busch requesting remediation and enforcement action.

**25.** Plaintiff referenced Busch Realty Group lease provisions stating illegal activity constitutes grounds for termination.

**26.** Defendant Busch responded with legal threats rather than remediation.

**D. Violent Incident and Post-Attack Retaliation**

**27.** On or about September 25, 2025, Plaintiff was violently assaulted by occupants of the neighboring rental property.

**28.** Plaintiff currently has a protective order against the minor tenant; felony battery charges are pending.

**29.** Defendants were notified of the attack and ongoing danger.

**30.** Despite lease authority, Defendants declined to enforce tenant-removal provisions.

**31.** Within approximately fifteen (15) days of the attack, the HOA initiated stacked enforcement actions against Plaintiff.

**32.** On October 31, 2025, another occupant had an active warrant for assault.

**33.** On January 3, 2026, law enforcement again responded to threats. Defendant Busch advised Plaintiff to "just keep calling the police."

**34.** Defendant Busch later caused an additional cease-and-desist letter to be sent.

**E. Dog Enforcement, Forced ESA, and Medical Disclosure**

**35.** Defendants issued dog-related violations despite covenants permitting up to three (3) dogs.

**36.** Plaintiff informed HOA agent Matt Ernst that she owned two dogs and that two additional dogs were visiting temporarily.

**37.** Despite this clarification, Defendants escalated enforcement.

**38.** Defendant Walczykowski advised enforcement was based on a complaint from the neighboring property.

**39.** Defendants threatened fines unless Plaintiff designated her dogs as emotional support animals.

**40.** Defendants publicly read and discussed Plaintiff's confidential medical documentation at a Board meeting.

**41.** Defendant Linda Susie Curtis later directed reversal of the fines.

**F. Selective and Arbitrary Enforcement**

**42.** Defendants enforced against a temporary solar light while allowing similar items for others.

**43.** Parking rules were selectively enforced against Plaintiff but not Board members.

**44.** At all relevant times, Defendants Jonathan Curtis and Linda Susie Curtis maintained de facto control over the Association through the accumulation and exercise of proxy votes sufficient to control quorum and voting outcomes, effectively constituting a supermajority of voting power

within the community. This proxy dominance enabled Defendants to control board composition, officer authority, enforcement priorities, and member participation, rendering internal governance remedies illusory and preventing meaningful oversight or correction of retaliatory and selective enforcement actions.

**G. Board Knowledge, Intent, and Pretext**

**45.** HOA minutes reflect actual knowledge of hazards, violent conduct, and Plaintiff's safety complaints.

**46.** The Board's refusal to enforce covenants while escalating enforcement against Plaintiff demonstrates deliberate nonfeasance and pretext.

**47.** Defendant Jonathan Curtis publicly posted the recorded deed of Plaintiff's late mother and stated Plaintiff would "never own" the property.

**48.** The post was later deleted but preserved by third parties.

**Amended Allegations Regarding CMGT Contract Termination and Retaliation**

**49. The contract between the Turtle Creek HOA and Community Management Group (CMGT)** was **terminated** on **February 16, 2023.** This **termination** occurred shortly after Plaintiff raised concerns regarding **property management**, **proxy fraud**, and other **violations of HOA rules.**

**50.** The **termination of the CMGT contract** is memorialized on the **Secretary of State of Mississippi's website** as of **May 1, 2023**, which reflects the **official date** that the **contract termination** was processed and recorded.

**51. Defendant Jon Curtis**, aware of the **termination of CMGT's contract**, **threatened** to **sue CMGT** if they did not **remove Plaintiff** from the **HOA** board or other positions. This threat was made **shortly after** Plaintiff had **raised concerns** about the **retaliation** and **mismanagement** occurring within the **HOA**.

**52.** The **timing of the termination**, along with **Defendant Jon Curtis's threats,** demonstrates a **pattern of retaliatory actions** aimed at **punishing** Plaintiff for **asserting legal rights** and **challenging HOA governance**.

**53.** The **threats** made by **Defendant Jon Curtis** to **sue CMGT** if they did not **remove Plaintiff** were intended to **intimidate** Plaintiff into **abandoning their legal claims** and **silence** them regarding **alleged fraud** and **property management issues**

54. The illegal reinstatement of Jon Curtis to the Turtle Creek HOA by CMGT, under state law and referenced by email from the Turtle Creek HOA attorney Jason Savarese. " *Section 79-11-243 of the Mississippi Code, which is part of the Mississippi Nonprofit Corporation Act, is titled "Resignation of director." That statute states that "(1) A director may resign at any time by*

*delivering written notice to the board of directors, its presiding officer or to the president or secretary. (2) A resignation is effective when the notice is effective unless the notice specifies a later effective date. If a resignation is made effective at a later date, the board may fill the pending vacancy before the effective date if the board provides that the successor does not take office until the effective date."*

*If we assume the HOA has no bylaws, then this statute is the default rule. A written resignation is effective when delivered to the board of directors, its presiding officer or to the president or secretary, unless that resignation states a future date on which it will be effective."*

# V. CLAIMS FOR RELIEF

**COUNT I – RETALIATION (42 U.S.C. § 3617)**

**49.** Defendants retaliated against Plaintiff for engaging in protected activity.

**COUNT II – INTERFERENCE AND COERCION (42 U.S.C. § 3617)**

**50.** Defendants interfered with Plaintiff's housing rights through intimidation and coercion.

**COUNT III – CIVIL CONSPIRACY (FHA-DERIVATIVE)**

**51.** Defendants acted in concert to retaliate against and interfere with Plaintiff's FHA rights.

**52.** Defendants committed overt acts including legal threats, selective enforcement, and coercive disclosure of medical information.

**53.** Defendant Jonathan Curtis exercised de facto control through funding threats, proxy influence, and public interference.

# VI. DAMAGES

**54.** Plaintiff incurred medical expenses of approximately $10,000.

**55.** Plaintiff suffered lost wages and loss of earning capacity.

**56.** Plaintiff experienced interrupted earning capacity.

**57.** Plaintiff suffered emotional distress and loss of housing enjoyment.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

A. Declare that Defendants' acts and practices described herein constitute retaliation, interference, and coercion in violation of the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617;

B. Issue appropriate injunctive and equitable relief prohibiting Defendants from continuing or repeating retaliatory, coercive, or discriminatory conduct against Plaintiff, including misuse of enforcement authority, selective enforcement, and disclosure of confidential medical information;

C. Award Plaintiff compensatory damages, including but not limited to damages for emotional distress, loss of housing enjoyment, medical expenses, and economic loss, in an amount to be determined at trial;

D. Award Plaintiff statutory and equitable relief as authorized under 42 U.S.C. § 3613(c), including such relief as is necessary to fully effectuate the purposes of the Fair Housing Act;

E. Award costs of court and such other relief as the Court deems just and proper; and

F. Grant such other and further relief, whether legal or equitable, to which Plaintiff may be entitled.

Respectfully submitted,

**Karen E. Stant**
Plaintiff, Pro Se
13127 Turtle Creek Parkway
Gulfport, Mississippi 39503