### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAREN E. STANT,** *Executrix of the* *Estate of Genevieve R. Davilman* | § § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:26cv22-HSO-BWR** |
| **TURTLE CREEK HOMEOWNERS'** **ASSOCIATION, INC., et al.** | § § § | **DEFENDANTS** |

### <u>ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE AND DENYING HER REQUEST TO FILE A THIRD AMENDED COMPLAINT</u>

In this case raising claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., and state law, pro se Plaintiff Karen E. Stant ("Stant" or "Plaintiff") sued numerous Defendants, purportedly in her capacity as Executrix of the Estate of Genevieve R. Davilman ("Davilman").   *See* Compl. [1]; Am. Compl. [5]; 2d Am. Compl. [7].   On May 20, 2026, the Court ordered Stant to show cause why this case should not be dismissed without prejudice for her lack of legal capacity to proceed pro se on behalf of the Estate, *see* Order [29], and she has now responded, *see* Resp. [32].   Because Stant lacks legal capacity to pursue claims on behalf of the Estate pro se, they will be dismissed without prejudice.   Stant has also requested leave to file a Third Amended Complaint to bring claims both individually and as Executrix; that request will be denied.

## I.  BACKGROUND

After Stant filed a pro se Complaint [1] in this Court on January 21, 2026, she followed with an Amended Complaint [5] and a Second Amended Complaint [7], advancing claims under the FHA and state law against a plethora of Defendants relating to real property that was owned by the decedent, Davilman.  *See* Compl. [1]; Am. Compl. [5]; 2d Am. Compl. [7] at 1-7.  In the operative Second Amended Complaint [7], Stant purports to proceed pro se as Executrix of Davilman's Estate. *See* 2d Am. Compl. [7].   Because the Court questioned whether Stant could bring this survival action pro se, it required her to show cause why this case should not be dismissed without prejudice.  *See* Order [29].

Stant maintains that she can proceed pro se because she is Davilman's only heir and is the duly-appointed Executrix; the only debts owed by the Estate were "four ordinary consumer credit card obligations totaling $7,207.46," which "are not complex competing creditor interests, unresolved creditor litigation, or claims that would create a conflict" under Fifth Circuit precedent; and the creditor claims period in probate expired in January 2026.  Resp. [32] at 2.  Stant states that she has continuously managed all Estate obligations personally, that the probate estate remains active because of ongoing federal multi-district litigation ("MDL"), and that the Chancery Court of Harrison County, Mississippi (the "Chancery Court"), specifically authorized her to pursue the present litigation at her own personal

expense.  *See id.* at 2-3.[1]  Stant asks the Court to allow her to proceed pro se and permit her to file a Third Amended Complaint.  *See id.*

## II.  DISCUSSION

A.     Whether Plaintiff May Proceed Pro Se as Executrix of the Estate

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  The Fifth Circuit has recognized that "[i]t is axiomatic that an individual may proceed *pro se* in civil actions in federal court," but "it is equally certain that those not licensed to practice law may not represent the legal interests of others."  *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (internal citations omitted).  *Rodgers* considered "whether a person who has capacity to represent an estate under a survival statute may do so *pro se*."  *Id.*  The Fifth Circuit concluded that such a person "may proceed *pro se* if that person is the only beneficiary and the estate *has no creditors*."  *Id.* at 211 (emphasis added).

Here, although Stant claims that she is the only beneficiary, she acknowledges that the Estate has four creditors, *see* Resp. [32] at 2; *see also In the Matter of the Estate of Genevieve Ruth Davilman*, 24CH1:24-cv-1500-MA (Miss. Ch. Ct. Harrison County-Gulfport) (public docket), which means that she lacks the legal capacity to prosecute this case pro se as Executrix, *see Rodgers*, 819 F.3d at 211.

---

[1]  But the attorney referenced in the Chancery Court's authorization order declined to appear in this case.  *See* Resp. [32] at 4.

Stant attempts to distinguish *Rodgers*, arguing that she can continue representing the Estate pro se because the debts are "ordinary consumer credit card obligations." Resp. [32] at 2. But *Rodgers* merely considered whether there were any creditors; it drew no distinction regarding the nature, complexity, or amount of those creditors' claims. *See Rodgers*, 819 F.3d at 211. That is because where there are creditors, a non-attorney executrix such as Stant is not just representing her own interests, but also the interests of those creditors of the probate estate, which is problematic. *See id.*; *see also, e.g., Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (noting that the "rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent," and is also intended "to protect third parties" (quotations omitted)); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) (holding an "administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate" because "he is, in fact, appearing solely on his own behalf"). Here, there are creditors of Davilman's Estate, and because those creditors may be affected by the outcome of the proceeding, Stant may not proceed pro se as Executrix of the Estate. *See Rodgers*, 819 F.3d at 211; *Guest*, 603 F.3d at 21.

Stant also maintains that the Chancery Court entered an order authorizing her to pursue an action on behalf of the Estate. *See* Resp. [32] at 3. But that order contemplated that she would retain counsel and authorized her to do so; it did not authorize her to proceed pro se. *See* Ex. [32-2] at 2-3. The attorney referenced by

4

the Chancery Court declined to make an appearance in this action, *see* Resp. [32] at 4, and the Chancery Court order does not authorize Stant to proceed without an attorney on behalf of the Estate in this case.   Because Plaintiff lacks legal capacity to proceed pro se as Executrix, her claims should be dismissed without prejudice. *See Rodgers*, 819 F.3d at 211.

B.      Whether the Court Should Grant Plaintiff Leave to Amend

Stant's Response [32] asks the Court for leave to file a Third Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) in order to:

> (1)  correct the caption to reflect that Plaintiff proceeds both individually and as Executrix, consistent with paragraph 2 of the Second Amended Complaint (Dkt. 7); (2) correct the legal entity name Defendant "Busch Realty Group, LLC" to its correct registered name "CENTURY 21 Busch Realty Group, LLC" as confirmed by MREC License No. B-20940 and Mississippi Secretary of State records – an entity already served through its registered agent David Krause; (3) add Century 21 Real Estate LLC as a franchisor following completion of formal notice; (4) add claims and defendants consistent with this Court's ruling on the show cause question; and (5) correct the name of Defendant currently styled as "Linda Susie Curtis" to her correct legal name . . . .

Resp. [32] at 4.

Because Stant has twice before amended her pleadings, leave of Court is required to amend a third time, *see* Fed. R. Civ. P. 15(a)(2), and "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading," L.U. Civ. R. 7(b)(2).  Although the language of Rule 15(a)(2) evinces a bias in favor of permitting amendments, "leave to amend is by no means automatic" and may be denied for a "substantial reason," including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 661-62 (5th Cir. 2025) (quotations and alterations omitted).  A proposed amended pleading is futile if it would be subject to dismissal as amended.  *See id.* at 662.

In this case, Stant has not attached a proposed Third Amended Complaint in contravention of the Court's Local Rules.  *See* L.U. Civ. R. 7(b)(2).  She also wants to "correct the caption to reflect that Plaintiff proceeds both individually and as Executrix," Resp. [32] at 4, but any claims she brought pro se as Executrix would remain subject to dismissal, rendering the request to amend futile, *see Clark*, 141 F.4th at 662.  Stant also seeks to "add [unspecified] claims and defendants consistent with this Court's ruling on the show cause question," Resp. [32] at 4, but without more information, the Court cannot consider whether this proposed amendment would be futile, *see Clark*, 141 F.4th at 662.  Moreover, Stant has repeatedly failed to cure deficiencies with her previous amendments.  *See id.*  For all of these reasons, her request to amend should be denied.  *See id.*; Compl. [1]; Am. Compl. [5]; 2d Am. Compl. [7].

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the claims of Plaintiff Karen E. Stant, Executrix of the Estate of Genevieve R. Davilman, are **DISMISSED WITHOUT PREJUDICE**, for lack of legal capacity to proceed pro se

on behalf of the Estate.  A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of May, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE